IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RAMONA RILEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-0941-CV-W-ODS |
| ) | |
| JULIA ALVAREZ-GOMEZ, M.D., ) | |
| ) | |
| Defendant. ) | |

ORDER AND OPINION (1) GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT, AND (2) DENYING
AS MOOT DEFENDANT'S MOTION TO STRIKE EXPERT

Pending are Defendant's Motion for Summary Judgment (Doc. #35) and Defendant's Motion to Strike Plaintiff's Designated Expert, Donald R. Frey, M.D. (Doc. #37). Defendant's summary judgment motion is granted, and Defendant's motion to strike is denied as moot.

## I. BACKGROUND

In 2003, Defendant Dr. Julia Alvarez-Gomez became Plaintiff Ramona Riley's primary care physician. Doc. #36, at 2; Doc. #42, at 5; Doc. #50, at 2. On October 16, 2012, Plaintiff's lab work showed elevated levels of serum creatinine, a measure of kidney function. Doc. #36, at 2; Doc. #42-5, at 22. Defendant referred Plaintiff to a nephrologist, Dr. Thomas. *Id.* Plaintiff first met with Dr. Thomas on November 13, 2012, and he diagnosed her with stage III kidney disease. Doc. #36, at 2; Doc. #42-5, at 40-42. According to Defendant, she deferred all treatment of Plaintiff's kidneys to Dr. Thomas at that point. Doc. #36-4, at 2-3. From November 2012 through January 2014, Defendant received periodic reports from Dr. Thomas regarding his treatment of Plaintiff's kidney disease. Doc. #42, at 5-6; Doc. #42-5, at 26-42; Doc. #50, at 2.

Plaintiff was not seen by Defendant from October 2012 (when Defendant referred Plaintiff to the nephrologist), through November 2013, when she was seen for head congestion and cough. Doc. #42, at 7; Doc. #42-5, at 20-21; Doc. #50, at 2. During this

time, Defendant prescribed and refilled medications for Plaintiff, ordered bloodwork, and ordered a mammogram. Doc. #42, at 6; Doc. #42-5, at 4-18, 22, 45-46; Doc. #50, at 2. After November 25, 2013, there is no record establishing Plaintiff was seen by Defendant again. But from November 2013 through June 2014, Defendant continued to prescribe medications and order bloodwork. Doc. #42, at 7; Doc. #42-5, at 3, 19; Doc. #50, at 3. There is no record of any action taken by Defendant regarding Plaintiff's medical care after June 2014.

Plaintiff filed a medical malpractice lawsuit against Defendant on April 28, 2015, in the Circuit Court of Jackson County, Missouri. Doc. #42-9. Plaintiff voluntarily dismissed that lawsuit on July 21, 2015. Doc. #42-10. Plaintiff refiled her lawsuit on November 11, 2015, in the Circuit Court of Jackson County, Missouri. Doc. #1-2. Plaintiff alleges Defendant failed to diagnose her kidney failure, failed to treat her kidney failure, or failed to refer Plaintiff to a specialist. Doc. #1-2, ¶ 6. On November 30, 2015, Defendant removed the lawsuit to this Court. Doc. #1.

Defendant now seeks summary judgment on Plaintiff's claims because they are barred by the statute of limitations, and Plaintiff cannot establish a submissible case of medical malpractice. Defendant also seeks to strike Plaintiff's expert witness. Plaintiff opposes both motions, which are now ripe for consideration.

## II.  STANDARD

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Williams v. City of St. Louis*, 783 F.2d 114, 115 (8th Cir. 1986). "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Wierman v. Casey's Gen. Stores*, 638 F.3d 984, 993 (8th Cir. 2011) (quotation omitted). In applying this standard, the Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably
2

drawn from the evidence. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 588-89 (1986); *Tyler v. Harper*, 744 F.2d 653, 655 (8th Cir. 1984). However, a party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of the… pleadings, but… by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

### III. DISCUSSION

Defendant argues she is entitled to summary judgment on Plaintiff's claims because they are barred by the statute of limitations. Under Missouri law, which the parties agree applies in this diversity action, a patient must bring a medical malpractice lawsuit "within two years from the date of occurrence of the act of neglect complained of." Mo. Rev. Stat. § 516.105. Plaintiff alleges Defendant failed to diagnose her kidney failure, failed to treat her kidney failure, or failed to refer Plaintiff to a specialist. Doc. #1-2, ¶ 6. In a failure to diagnose case, the cause of action accrues the date before the diagnosis is made. *Swallows v. G. Wendell Weathers, D.D.S., P.C.*, 915 S.W.2d 763, 764 (Mo. banc 1996).

Defendant referred Plaintiff to a specialist in October 2012. On November 13, 2012, Plaintiff was seen by the specialist, diagnosed with stage III kidney disease, and began treatment with the specialist. Doc. #42-5, at 40-42. Plaintiff's claims arose, at the latest, on November 12, 2012. But she waited until April 28, 2015, to file her lawsuit against Defendant.[1] Doc. #42-9. Because she waited more than two years, Plaintiff's claims are barred by the statute of limitations, entitling Defendant to summary judgment on Plaintiff's claims.

Plaintiff attempts to avoid summary judgment by arguing the continuing care exception to the medical malpractice statute of limitations applies. "The continuing care exception provides that the statute begins to run when the defendant ceases to treat the injury caused by the act of negligence and neglect." *Brickey v. Concerned Care of the*

---

[1] The parties agree that because Plaintiff refiled her lawsuit within less than a year of the initial lawsuit, the subsequent lawsuit relates back to the date the original lawsuit was filed. *See* Mo. Rev. Stat. § 516.230; Doc. #36, at 1; Doc. #42, at 9.

3

*Midwest, Inc.*, 988 S.W.2d 592, 597 (Mo. Ct. App. 1999) (citation omitted). This exception applies when "the treatment is continuing and of such nature as to charge the [physician] with the duty of continuing care and treatment which is essential to recovery." *Thatcher v. De Tar*, 173 S.W.2d 760, 762 (Mo. 1943); *see also Kamerick v. Dorman*, 907 S.W.2d 264, 265 (Mo. Ct. App. 1995). When a medical provider ceases treatment of the injury caused by his or her act of negligence, the continuing care doctrine does not apply. *Brickey*, 988 S.W.2d at 598 (citation omitted) (finding the medical care provider did not continue care of the injury allegedly caused by its negligence, and thus, the continuing care exception did not apply).[2]

Here, Defendant ceased treatment of Plaintiff's kidney disease once Plaintiff was referred to a specialist and began treatment with that specialist. Defendant received periodic reports from the nephrologist about Plaintiff's treatment. But Plaintiff has not cited to (and the Court has been unable to locate) any case finding receipt of treatment notes from another physician equates to continued care for the condition being treated by the specialist. In addition, Plaintiff has failed to cite to (and the Court has been unable to find) anything in the record establishing Defendant provided care to Plaintiff after November 12, 2012, that was essential to her treatment for or recovery from stage III kidney disease.[3] Consequently, the Court finds the continuing care exception does not apply.

Plaintiff alternatively argues the statute of limitations is tolled by equitable estoppel. "A basic common law maxim…is that no person shall take advantage of or benefit from his or her wrong." *State ex rel. Beisly v. Perigo*, 469 S.W.3d 434, 440 (Mo. banc 2015) (citation omitted). This principle has been employed to bar inequitable reliance on a statute of limitations. *Id.* (citation omitted). "To apply the doctrine of

---

[2] *See also Dunagan v. Shalom Geriatric Ctr.*, 967 S.W.2d 285, 289 (Mo. Ct. App. 1998) (finding the continuing care exception did not apply when the defendant provided care for Alzheimer's disease but did not provide care for the injuries caused by the alleged acts of neglect).

[3] Significantly, Plaintiff was seen once by Defendant after November 12, 2012, and that visit was related to complaints of congestion and coughing. All other actions taken by Defendant from November 2012 through June 2014 included prescribing and filling medications, ordering blood work, and ordering a mammogram. Plaintiff failed to identify any of these actions as treatment for stage III kidney disease.

4

equitable estoppel to bar a defendant's statute of limitations defense, the defendant must have acted affirmatively to induce the plaintiff to delay bringing the action." *Id.* at 441 (citation omitted); *see also Weiss v. Rojanasathit*, 975 S.W.2d 113, 120-21 (Mo. banc 1998).

Plaintiff contends the doctrine of equitable estoppel should apply because she requested copies of her medical records from Defendant's office in July 2014, and again in February 2015, but the records were not received until March 2015. Doc. #42, at 15. Plaintiff claims she "had no factual basis to file suit" until she received her medical records. *Id.* Assuming, for purposes of this motion, Defendant received the first records request, there is no evidence in the record of Defendant acted "affirmatively to induce the plaintiff to delay bringing" her lawsuit. Further, Plaintiff fails to cite (and the Court has been unable to find) a case finding the doctrine of equitable estoppel applies when a medical provider fails to timely respond to a request for medical records. Finally, the Court is not convinced Plaintiff had "no factual basis" for her lawsuit until she received the medical records because Plaintiff, who was the patient, had firsthand knowledge of her medical treatment by Defendant. For these reasons, the Court finds the doctrine of equitable estoppel does not apply.

Because the Court finds Plaintiff's claims are barred by the statute of limitations, it is unnecessary for the Court to address Defendant's other basis for summary judgment. Further, because summary judgment is entered in favor of Defendant, the pending motion to strike Plaintiff's expert is deemed moot.

## IV.    CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is granted, and Defendant's motion to strike Plaintiff's expert is denied as moot.

IT IS SO ORDERED.

DATE: January 26, 2017

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT

5